## Case No. 9,280.

### MATILDA v. MASON et al.

[2 Cranch, C. C. 343.][1]

Circuit Court, District of Columbia. Oct. Term, 1822.[2]

SLAVERY—SUIT FOR FREEDOM—JURY—PREJUDICES —PRESUMPTION OF COMPLIANCE WITH LAW —LAPSE OF TIME.

1. In suits for freedom the court will not question the jurors, as they are called up to be sworn, as to their prejudices or prepossessions in favor of freedom, but leave the parties to their challenges.

2. A person relying upon the proviso in the Virginia law in favor of persons coming to reside in Virginia, and bringing their slaves with them and taking a certain oath, must produce competent testimony to prove that the terms and conditions of the proviso had been complied with, and in the absence of all testimony, no presumption can arise from lapse of time, to supply the defect of the testimony.

This was a petition for freedom [by the negress Matilda against Mason & Moore], founded upon an importation from Maryland to Virginia in the year 1792,

When the jury was about to be sworn, Mr. Jones, for defendants, stated that it had been an old practice in this court, in suits for

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

[2] [Reversed in 12 Wheat. (25 U. S.) 590.]

freedom, to ask each juror, before he was sworn, the following questions: (1) Have you any conscientious scruple which disinclines you to find a verdict against the petitioners for freedom, and inclines you to find a verdict in their favor, even when the law and evidence, upon strict legal principles, are against them? (2) Do you consider yourself in conscience, and upon principle, bound to find a verdict in favor of the petitioner, if the evidence be doubtful?

No objection to these questions was made by the petitioner's counsel, and the court did not, at the moment, object to them. The questions were put, and some of the jurors stated that they did not feel indifferent in such cases, and were set aside.

But THE COURT (THRUSTON, Circuit Judge, not giving any opinion), having referred to the cases of Reason v. Bridges [Case No. 11,617], in this court at December term, 1807, and Joice v. Alexander [Id. 7,-435], at December term, 1808, and Davis v. Wood [Id. 3,659], at December term, 1813, said, that this case must not be drawn into precedent, as the court did not mean to sanction such a practice; believing that the rights of the parties are sufficiently protected by the right of peremptory challenge given by the statute, and by the common-law right to challenge for cause. That the court was not aware of any precedent for such a practice, and was not inclined now to adopt it.

Upon the trial, the facts, as stated in the bill of exceptions, appeared to be, that before December, 1792, James Craik removed into the county of Fairfax in Virginia, with intent to settle therein, and to become a citizen of Virginia, and did so settle and become a citizen of Virginia, and continued to reside therein till his death in 1814. That at the time of his removal he brought the petitioner, she then being his slave, with him into Virginia, and there held her and her children as his slaves until his death, when he bequeathed them to his widow, who in 1814 removed from Fairfax county into the county of Alexandria in this District, with her said slaves, and continued there to hold them as her slaves until her death in 1815, when she bequeathed them to the wives of the defendants Mason and Moore, who were then inhabitants of the District of Columbia. That all the magistrates who were in commission in the county of Fairfax in the year 1792 were dead before the year 1818.

Upon which state of facts the petitioner's counsel, Mr. Turner and Mr. Taney, prayed the court to instruct the jury, "that if the defendant wishes to avail himself of the proviso in the 5th section of the act of 1785, c. 77, it is incumbent on him to produce competent testimony to prove that the said James Craik had complied with the terms and conditions of the said proviso; and that, in the absence of all testimony, no presumption can arise from lapse of time or other facts in the case agreed, to supply the defects of such testimony."

Mr. Turner and Mr. Taney, for the petitioner. This case is not subject to the ordinary rules of evidence. Queen v. Hepburn, 7 Cranch [11 U. S.] 298, Mr. Justice Duvall's opinion. No lapse of time can bar a claim for freedom. Even in ordinary cases lapse of time must be attended by corroborating circumstances. Butler v. Craig, 2 Har. & McH. 226; 1 Phil. 110. The burden of proof, that he had complied with the conditions of the proviso, rests on the master. Garnett v. Sam, 5 Munf. 542, 546; Rose v. Kennedy [Case No. 12,049], in this court, July term, 1801; Garretson v. Lingan [Id. 5,251], in this court, at April term, 1821,—where this court decided that no such presumption can arise from lapse of time against a slave who is incapable of asserting his right.

Mr. Jones and Mr. Lear, contrà, contended that a presumption that the oath was duly taken, arises from the lapse of thirty years since the petitioner was brought from Maryland into Virginia, and the long continued possession of the slaves by the defendants and their ancestors, without any question having been suggested as to that fact, and the death of all the magistrates of the county who could have administered the oath, of which no record, or even certificate, was required by the law. The 5th section of the act of 1785, c. 77, is a proviso that nothing in the act contained "shall be construed to extend to those who may incline to move from any of the United States, and become citizens of this, if, within sixty days after such removal he or she shall take the following oath before some justice of the peace of this commonwealth." The law does not require even that the oath shall be reduced to writing, and even if it were, and certified, the certificate would not be evidence, unless made so by the statute. If nothing but direct and positive testimony to the fact is sufficient evidence, and all the witnesses are dead, and the lapse of time raises no presumption, and the burden of proof is on the master, there is no security whatever for property of this description. The law is highly penal, and every man is presumed to be innocent till the contrary is proved. The presumption is in favor of duty; the negative must be proved. 1 Phil. Ev. 150, § 4.

THE COURT (CRANCH, Chief Judge, contrà) gave the instruction as prayed; but the jury found a verdict for the defendants. THE COURT granted a new trial without costs.

The cause came on again to be tried at April term, 1823, when the same instruction was given, and the jury found a verdict for the petitioners. The defendants took a bill of exceptions, which after stating the facts, and instruction given as above, proceeds thus: "And thereupon the defendants insisted and contended before the jury that the facts given in evidence as aforesaid, do

not impose upon the defendants the necessity of proving by substantive evidence, that the said James Craik had taken the oath prescribed by the act of the general assembly of Virginia, passed in the year 1785, c. 77, within the time prescribed by that act; and that the jury, upon the said state of facts, ought not to find for the petitioner for the want of such substantive proofs on the part of the defendants. 2d. That the jury, under the circumstances so given in evidence, may presume that the said James Craik had taken the said oath in the prescribed time; but the court, upon the motion of the petitioners, overruled all the points so insisted upon and contended for by the defendants, and stopped the defendants' counsel from proceeding to maintain the points, or any of them, so insisted upon and contended for, before the jury, by the defendants."

Upon a writ of error the judgment in this case was reversed by the supreme court of the United States, and a venire facias de novo awarded. 12 Wheat. [25 U. S.] 590.

Memorandum. The case of Abraham v. Matthews, 6 Munf. 159, cited by Mr. Justice Johnson, in delivering the opinion of the supreme court, in this cause in 1827, was not brought to the notice of the court below.